IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEN ROTEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 08-081-JJF |
| | : |
| CARL DANBERG, et al., | : |
| | : |
| Defendants. | : |

Ben Roten, Pro se Plaintiff. Sussex Correctional Institution, Georgetown, Delaware.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ben Roten ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

For the reasons discussed below, the Court will dismiss the claims against Carl Danberg, Mike Deloy, Jill Mosser, Director of CMS, Diane Miller, and Richard Kearney for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Dr. Lawrence McDonald. The Court will deny Plaintiff's Motion For Appointment Of Counsel and Motion For Response From Defendants. (D.I. 9, 10.)

I. **BACKGROUND**

Plaintiff alleges that on October 25, 2006, he presented to medical for a routine check, and it was conducted by Defendant Dr. Lawrence McDonald ("Dr. McDonald"). Plaintiff alleges that he was sexually molested by Dr. McDonald during the examination. Plaintiff submitted a grievance regarding the incident. He alleges that Defendant Diane Miller ("Miller") passed the grievance around to all medical staff members, to some prison guards, and to Dr. McDonald who then tried to explain his actions to Plaintiff. Plaintiff's remaining allegations concern the filing of the grievance, its denial, and denial of its appeal.

He alleges that Defendants Mike Deloy ("Deloy"), Carl Danberg ("Danberg"), and the CMS Director ("CMS") knew about the grievances he filed, but did nothing.

**II.   STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but

instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Grievances

Aside from the claim of sexual molestation, the Complaint contains numerous allegations regarding the grievance filed by Plaintiff, its denial, and the denial of his appeal. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, 204 Fed. Appx. 155 (3d Cir. 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure

confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F.Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar.28, 2005).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, investigated, denied, or that the grievance process is inadequate. Therefore, the claims of unconstitutional conduct relating to the grievance he filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Respondeat Superior**

Plaintiff alleges that following the alleged incident with Dr. McDonald, he wrote to Richard Kearney ("Kearney'), to no avail. He also alleges that Deloy, Danberg, and CMS are responsible because they knew about the grievance he filed, but did nothing.

It appears that the foregoing individuals are named as defendants based upon their supervisory positions. Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1)

-5-

identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. Id.

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the Complaint to indicate that Kearney, Deloy, Danberg, or CMS were the "driving force [behind]" the Plaintiff's alleged constitutional violation. More so, the

-6-

Complaint does not indicate that these defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the claims against Kearney, Deloy, Danberg, and CMS are dismissed inasmuch as they have no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.   PENDING MOTIONS**

Plaintiff seeks appointed counsel. (D.I. 9.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to

service. Based upon the foregoing, Plaintiff's request for appointment counsel will be denied without prejudice, with leave to refile following service of the Complaint.

Plaintiff also filed a Motion For Response From The Defendants. (D.I. 10.) The Motion will be denied. Defendants are not required to file a response until after service.

## V.   CONCLUSION

For the reasons discussed, the Court will dismiss the claims against Defendants Carl Danberg, Mike Deloy, Jill Mosser, Director of CMS, Diane Miller, and Richard Kearney for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to proceed against Defendant Dr. Lawrence McDonald. The Court will deny Plaintiff's pending Motions. (D.I. 9, 10.) An appropriate Order will be entered.