IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEN ROTEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 08-081-JJF |
| | : | |
| DR. LAWRENCE MCDONALD, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Appointment of Counsel (D.I. 19). For the reasons discussed, Plaintiff's Motion will be denied.

**I.   Background**

Plaintiff Ben Roten ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

Plaintiff alleges that on October 25, 2006, he presented to medical for a routine check, which was conducted by Defendant Dr. Lawrence McDonald ("Dr. McDonald"). Plaintiff alleges that he was sexually molested by Dr. McDonald during the examination.

By his motion, Plaintiff contends that the Court should grant his request for counsel based on the following factors: (1) Plaintiff's case is complex; (2) Plaintiff's case will require expert witness testimony; (3) Plaintiff's case will require extensive discovery, especially regarding Dr. McDonald's history;

and (4) Plaintiff is unable to afford an attorney on his own. (D.I. 19.)

## II. Legal Standard

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probably inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances after a finding that plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including:   (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4)

Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

### III. Discussion

Keeping in mind the practical considerations cited above and exercising its broad discretion, the Court concludes that the request for counsel is not warranted at this time.

The Court assumes, solely for the purposes of deciding this Motion, that Mr. Roten's claims have arguable merit, and will therefore consider the Tabron factors. First, the Court finds that Mr. Roten has demonstrated an ability to present his case, having set forth the facts and allegations of his action clearly, as demonstrated by his early filings. At this early stage of the litigation, the Court finds that the legal issues presented by Mr. Roten's Complaint are not particularly complex, and notes that Mr. Roten has not alleged or adduced any evidence that would indicate complexity of the legal issues. Likewise, at this stage of the litigation, the Court does not foresee the need for expert testimony. Accordingly, the Court finds that the Tabron factors do not weigh in favor of granting the request for counsel at this

time, and the Court will deny Mr. Roten's Motion For Appointment Of Counsel.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 18 day of November, 2008, that Plaintiff's Motion For Appointment Of Counsel (D.I. 19) is **DENIED**.

November 18, 2008
DATE

Joseph J. Farnan
UNITED STATES DISTRICT JUDGE

-4-