IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BEN ROTEN,                              :
                                        :
     Plaintiff,                        :
                                        :
                                        :
     v.                                : Civil Action No. 08-081-JJF
                                        :
DR. LAWRENCE MCDONALD,                  :
                                        :
     Defendant.                        :

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion To Interview Witnesses, Motions To Compel, and Request For Counsel. (D.I. 27, 30, 35, 36.)

### I. BACKGROUND

Plaintiff Ben Roten ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees. Plaintiff alleges that he was sexually molested by Defendant during a routine medical examination.

### II. PENDING MOTIONS

#### A. Motion To Interview Witnesses

Plaintiff invokes Fed. R. Civ. P. 56(f) in an effort to obtain an order allowing him to interview witnesses and potential witnesses at SCI without interference from prison officials or

prison guards. (D.I. 27.) Rules 56 pertains to summary judgment, and Rule 56(f) provides the Court with three options when ruling on a motion for summary judgment when the opposing party shows that it cannot present facts essential to its opposition. There are no pending motion for summary judgment and, therefore, Plaintiff Rule 56 is in applicable to Plaintiff's Motion. Accordingly, the Court will deny the Motion.

**B. Motions To Compel**

Plaintiff has filed two Motions To Compel. (D.I. 30, 36.) Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)". Fed. R. Civ. P. 26.

Rule 26(b)(2)(C) provides that the Court must limit the frequency or extent of discovery if it determines that: (i) the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the; needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Id.

The issues raised in Plaintiff's second Motion To Compel are moot. (D.I. 36.) Defendant indicates it has provided Plaintiff all available documents as evidenced by the documents submitted to the Court. (See D.I. 38, 39, 40.)

With regard to the first Motion To Compel, the Court will address each request to determine if the information is discoverable. Initially, the Court notes that although Plaintiff's grievance claims were dismissed by the Court, he continues to seek discovery on the issue. (See D.I. 13.) For the reasons discussed below, the first Motion To Compel will be denied. (D.I. 30.)

1. **All documents or grievances submitted by any inmate or anyone else at SCI.** The objection is sustained. The request is overly broad and unduly burdensome. Defendant represents that

3

the documents are not in the custody or control of Defendant. Finally, Defendant advises that he has no knowledge of grievances or complaints filed against him based upon allegations similar to those in this case.

   2. **Records of any reprimands received by Defendant.** The objection is sustained. Defendant objected but indicates that he has never been reprimanded and, therefore, no such documents exist. If a document does not exist, Defendant cannot produce it.

   3. **Records of criminal or civil charges filed against Defendant.** The objection is sustained. The request is unduly burdensome and overly broad. Moreover, Defendant advises that he had not been convicted of a crime and that no civil lawsuit has been filed against him based upon similar allegations.

   4. **All documents or records for all examinations performed by Correctional Medical Services ("CMS") medical staff members.** The objection is sustained. It appears the production of the requested documents would violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Moreover Defendant represents that the documents are not in his possession or control and are the proprietary property of CMS.

   5. **Full and unedited copies of grievance procedures.** The objection is sustained. The Court previously dismissed

Plaintiff's grievance claims.  Additionally, Defendant represents that the documents are not in his possession or control.

6.  **The names of all medical staff and corrections officers working in the SCI medical department on October 25, 2006 through November 1, 2006.**  Defendant adequately responded to the request.  If, however, Defendant can provide updated information, he must do so.

7.  **The chain of custody for medical grievance filed on November 1, 2006.**  The objection is sustained.  The Court previously dismissed Plaintiff's grievance claims.  Should Plaintiff seek witness names he may do so through other means of discovery.

8.  **All written statements or reports regarding the incident of October 25, 2006, to present, made by CMS staff members or CMS officials.**  The objection is sustained.  Defendant represents that the documents are not in his possession or control.  He indicates that he is investigating to determine if the documents exist and, if they do, they will be produced to Plaintiff.

C.  **Requests For Counsel**

Plaintiff was deposed February 12, 2009.  (D.I. 44.)  He requests counsel, at least temporarily, to assist with his

5

deposition. The Court will deny the request without prejudice and as moot inasmuch as Plaintiff's deposition has taken place.

He filed a second Request For Counsel on the basis that he is indigent, and has been diagnosed with post traumatic stress disorder and bi-polar disorders, and due to his incarceration cannot investigate or locate expert witnesses. As a result believes he will be unable to present his case as effectively as an attorney.

Although a plaintiff does not have a constitutional or statutory right to an attorney, a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required

and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony.  Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002);  Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted.  Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself.  Thus, in these circumstances, the Court will deny Plaintiff's Request For Counsel without prejudice to renew.  (D.I. 53.)

    **D.  Motion To Set Trial Date**

Plaintiff asks the Court to set a trial date as discovery is complete and he has pending an interstate transfer.  (D.I. 54.)  Given that Defendant recently filed a Motion For Summary Judgment, Plaintiff's request for a trial date is premature.  Accordingly, the Court will deny the Motion.  (D.I. 54.)

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion To Interview Witnesses is **DENIED**.  (D.I. 27.)

2.  Plaintiff's Motion To Compel is **DENIED**.  (D.I. 30.)

      3.    Plaintiff's Requests For Counsel are **DENIED** without prejudice.  (D.I. 35, 53.)

      4.    Plaintiff's Motion To Compel is **DENIED** as moot.  (D.I. 36.)

      5.    Plaintiff's Request For A Trial Date is **DENIED** as premature.  (D.I. 54.)

_July 23, 2009_
DATE

_Joseph J. Farnan_
UNITED STATES DISTRICT JUDGE

8